**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 16-290 |
| MUADHDHIN BEY | : | |

## ORDER

AND NOW, this        day of March 2017, it is hereby ORDERED that, for the reasons

set forth in the government's motion, the following evidence of defendant Muadhdhin Bey's

other crimes, wrongs, or acts is admissible pursuant to Federal Rule of Evidence 404(b):

> 1.     Evidence that on September 18, 2002, defendant Muadhdhin Bey was
> arrested by members of the Philadelphia Police Department in the area of 1500
> South Ringgold Street, Philadelphia.   Recovered from Muadhdhin Bey's
> waistband was a loaded semi-automatic firearm.   This evidence is admissible
> under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge and
> absence of mistake.

> 2.     Evidence that on September 29, 2002, defendant Muadhdhin Bey was
> arrested by members of the Philadelphia Police Department in the area of 1600
> Point Breeze Avenue, Philadelphia.   Recovered from Muadhdhin Bey's
> waistband was a loaded semi-automatic firearm.   This evidence is admissible
> under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge and
> absence of mistake.

To minimize any potential prejudice to the defendant from any of the above, the Court

intends to provide the jury with limiting instructions both at the time the evidence is admitted

and with its final charge.

It is further ORDERED that, for the reasons set forth in the government's motion,

the following evidence of defendant Muadhdhin Bey's statements are admissible

pursuant to Federal Rule of Evidence 801(d)(2)(A):

1.      Evidence that the defendant Muadhdhin Bey, under the pseudonym "Prada Idah" released a song and accompanying music video entitled "Criminal."   The lyrics to "Criminal" include "**Where I'm from we don't miss and Farrakhan the minister / play with heavy Tommy guns like John Dillinger / Muadhdhin Bey / for short I'm (Inaudible) / (Inaudible) told yourself man kill at will / you fellas understand gotta hid the pills / I'm warning ya / go and ask (Inaudible) / 23rd and Tasker, blast you in your yarmulke / No disrespect to Jews but I move with the Uz / Coming through to bruise on you dudes**." This evidence is admissible as an admission by a party opponent, pursuant to Federal Rule of Evidence 801(d)(2)(A). This evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge, intent, and absence of mistake.

2.      Evidence that the defendant, Muadhdhin Bey, under the pseudonym "Muslida Bey" released a song entitled "Love Me."   The lyrics to "Love Me" include "**If you walk / we spark / you're dying / with lead flying / rock solid / small Glock in my pocket / My grandpop was Lex Boots / the Black Mafia.**" This evidence is admissible as an admission by a party opponent, pursuant to Federal Rule of Evidence 801(d)(2)(A).This evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge, intent, and absence of mistake.

3.      Evidence that the defendant, Muadhdhin Bey, under the pseudonym "Muslida Bey" released a song entitled "Straight Outta Philly." The lyrics to "Straight Outta Philly" include "**Ain't with that chitty chatta / south Philadel / south kill at will / I feel that steel / put one in your grill / top slida / Muslida / bang choppers / shots burn in your chest / like a shot of that vodka.**" This evidence is admissible as an admission by a party opponent, pursuant to Federal Rule of Evidence 801(d)(2)(A).   This evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge, intent, and absence of mistake.

4.      Evidence that the defendant Muadhdhin Bey, under the pseudonym "Muslida Bey" released a song entitled "Outtro." The lyrics to "Outtro" include "**When you see me I'm strapped under my garments.   I pack pistols in Porsches.**" This evidence is admissible as an admission by a party opponent, pursuant to Federal Rule of Evidence 801(d)(2)(A).   This evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge, intent, and absence of mistake.

BY THE COURT:

_____

HONORABLE WENDY BEETLESTONE
*Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 16-290 |
| MUADHDHIN BEY | : | |

### GOVERNMENT'S MOTION IN LIMINE TO ADMIT
### EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 404(b) AND 801(d)(2)(A)

The United States of America, by its attorneys, Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania, and Jonathan B. Ortiz, Assistant United States Attorney, hereby files its Motion *in Limine* to Admit Evidence Under Federal Rules of Evidence 404(b) and 801(d)(2)(A).

WHEREFORE, for the reasons stated in the accompanying memorandum of law, which is incorporated here by reference, the United States of America respectfully requests that the government's motion be granted and the Court enter an order that the testimony at issue may be admitted at trial pursuant to appropriate limiting instructions.

Respectfully submitted,

LOUIS D. LAPPEN
*Acting United States Attorney*

/s Jonathan B. Ortiz
JONATHAN B. ORTIZ
*Assistant United States Attorney*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 16-290 |
| MUADHDHIN BEY | : | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION *IN LIMINE* TO ADMIT**
<u>**EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 404(b) AND 801(d)(2)(A)**</u>

The United States of America, by its undersigned attorneys, Louis D. Lappen,

Acting United States Attorney for the Eastern District of Pennsylvania, and Jonathan B. Ortiz,

Assistant United States Attorney for the district, seeks a pre-trial ruling that it may admit in its

case-in-chief the following evidence as permitted under Federal Rule of Evidence 404(b):

1.       Evidence that on September 18, 2002, defendant Muadhdhin Bey was
arrested by members of the Philadelphia Police Department in the area of 1500
South Ringgold Street, Philadelphia.   Recovered from Muadhdhin Bey's
waistband was a loaded semi-automatic firearm.   This evidence is admissible
under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge and
absence of mistake.

2.       Evidence that on September 29, 2002, defendant Muadhdhin Bey was
arrested by members of the Philadelphia Police Department in the area of 1600
Point Breeze Avenue, Philadelphia.   Recovered from Muadhdhin Bey's
waistband was a loaded semi-automatic firearm.   This evidence is admissible
under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge and
absence of mistake.

The government also seeks a pre-trial ruling that it may admit in its case-in-chief the

following evidence as permitted under Federal Rule of Evidence 801(d)(2)(A) or, in the

alternative, pursuant to Federal Rule of Evidence 404(b):

1.       Evidence that the defendant Muadhdhin Bey, under the pseudonym "Prada
Idah" released a song and accompanying music video entitled "Criminal."   This

video is attached hereto as Exhibit 1.   The lyrics to "Criminal" include "**Where I'm from we don't miss and Farrakhan the minister / play with heavy Tommy guns like John Dillinger / Muadhdhin Bey / for short I'm (Inaudible) / (Inaudible) told yourself man kill at will / you fellas understand gotta hid the pills / I'm warning ya / go and ask (Inaudible) / 23rd and Tasker, blast you in your yarmulke / No disrespect to Jews but I move with the Uz / Coming through to bruise on you dudes.**" This evidence is admissible as an admission by a party opponent, pursuant to Federal Rule of Evidence 801(d)(2)(A). In the alternative, this evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge, intent, and absence of mistake.

2.      Evidence that the defendant, Muadhdhin Bey, under the pseudonym "Muslida Bey" released a song entitled "Love Me."   This video is attached hereto as Exhibit 2.   The lyrics to "Love Me" include "**If you walk / we spark / you're dying / with lead flying / rock solid / small Glock in my pocket / My grandpop was Lex Boots / the Black Mafia.**"   This evidence is admissible as an admission by a party opponent, pursuant to Federal Rule of Evidence 801(d)(2)(A).   In the alternative, this evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge, intent, and absence of mistake.

3.      Evidence that the defendant, Muadhdhin Bey, under the pseudonym "Muslida Bey" released a song entitled "Straight Outta Philly."     This video is attached hereto as Exhibit 3.   The lyrics to "Straight Outta Philly" include "**Ain't with that chitty chatta / south Philadel / south kill at will / I feel that steel / put one in your grill / top slida / Muslida / bang choppers / shots burn in your chest / like a shot of that vodka.**" This evidence is admissible as an admission by a party opponent, pursuant to Federal Rule of Evidence 801(d)(2)(A).   In the alternative, this evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge, intent, and absence of mistake.

4.      Evidence that the defendant Muadhdhin Bey, under the pseudonym "Muslida Bey" released a song entitled "Outtro."   This audio clip is attached hereto as Exhibit 4.   The lyrics to "Outtro" include "**When you see me I'm strapped under my garments.   I pack pistols in Porsches.**" This evidence is admissible as an admission by a party opponent, pursuant to Federal Rule of Evidence 801(d)(2)(A).   In the alternative, this evidence is also admissible under Rule 404(b) of the Federal Rules of Evidence to prove his knowledge, intent, and absence of mistake.

The government represents as follows:

I.      **BACKGROUND**

On July, 2016, a grand jury sitting in the Eastern District of Pennsylvania returned an indictment charging defendant Muadhdhin Bey with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

The charge against the defendant is the result of his arrest on March 28, 2016, in the area of 23rd Street and Tasker Street, in Philadelphia.   The defendant was seen by two police officers exiting a bar, Lid's Café, on that date, at that location, at approximately 10:00 p.m. The defendant matched the description of a fleeing, possibly armed, suspect from a nearby vehicle stop.   The police approached the defendant and asked if he had a firearm.   The defendant responded that he had a firearm in his waistband.   The defendant was searched, a loaded semi-automatic firearm was recovered from his waistband, and he was arrested.   Trial is scheduled for April 17, 2017.

At trial, the government will present evidence of the above facts and, as is detailed below, seeks to admit evidence of the defendant's prior bad acts pursuant to Federal Rule of Evidence 404(b) and to admit evidence of the defendant's admissions, under Federal Rule of Evidence 801(d)(2)(A).   The evidence will be used to show knowledge, absence of mistake and intent as well as to rebut the defense claim that the police "framed" or "planted" the evidence on the defendant.    This evidence can be separated into two groups.   The first group of evidence includes evidence of two of the defendant's prior instances of possessing firearms, both of which were loaded semi-automatic firearms, recovered from the defendant's waistband, in the area surrounding 23rd Street and Tasker Street.   The second group of evidence includes various statements made by the defendant, in the form of music lyrics and music videos, in which the

3

defendant admits to possessing and using firearms in and around the area of 23rd Street and Tasker Street.

## II.   ARGUMENT

This memorandum discusses proposed evidence, admissible under Federal Rule of Evidence 404(b), that is relevant for a purpose other than to show mere propensity to commit the crime.   United States v. Green, 617 F.3d 233, 245 (3d Cir. 2010); Fed.R.Evid. 404(b).   The evidence will prove Muadhdhin Bey's knowledge and absence of mistake as well as rebut a defense that the police "framed" or "planted" evidence on the defendant.

This memorandum also discusses the defendant's prior statements which are admissible under Federal Rule of Evidence 801(d)(2)(A) or, in the alternative, are admissible under Rule 404(b) to show knowledge, intent, and absence of mistake.

### A.   The government's proffered evidence

#### 1.  The prior instances of the defendant possessing a firearm on his waistband.

The following evidence is offered pursuant to Federal Rule of Evidence 404(b) to establish defendant's knowledge of firearms and his absence of mistake in possessing a firearm. The offered instances of firearms possession, derived from the defendant's prior contacts with law enforcement, are the following:

Incident 1: On September 18, 2002, at approximately 10:15 am, Philadelphia Police Department Narcotics investigators were conducting surveillance in the area of 1500 South Ringgold Street.   1500 South Ringgold is located approximately .2 miles away (or a 4 minute walk) from Lid's Café (23rd Street and Tasker Street).   Officers observed the defendant approach Tyrone Taylor and hand Taylor small objects which Taylor placed on the ground

4

nearby.   Officers then observed an unidentified male approach the defendant and Taylor, engage in a brief conversation and hand Taylor a sum of money.   Taylor then retrieved small objects from the ground, which were previously received from the defendant, and hand the small objects to the unidentified male who walked away.   Officers then observed Gloria Slaughter approach the defendant and Taylor, engage in a brief conversation, and hand Taylor a sum of money. Taylor then retrieved small objects from the ground, which were previously received from the defendant, and hand the small objects to the Slaughter who walked away.   Slaughter was stopped by police and found to have crack cocaine in her possession.   Officers then observed Taylor pick up the small objects he had received from the defendant.   The defendant and Taylor then began to walk away.   The officers stopped Taylor who had 13 packets of crack cocaine in his possession.   The officers also stopped the defendant, who had 50 packets of crack cocaine and $100 in his pants pockets.   Recovered from the defendant's waistband was an operable, semi-automatic 9mm Baretta (SN# B21728Z) firearm loaded with 16 rounds of ammunition.

The defendant was charged for this conduct, in the United States District Court.   At trial the defendant was convicted of the drug trafficking offense but acquitted of the firearms offense.

Incident 2: On September 29, 2002, Philadelphia Police Officers stopped a motor vehicle that Muadhdhin Bey was driving, in the area of 1600 Point Breeze Avenue.   1600 Point Breeze Avenue is located approximately 423 feet from Lid's Café (2243 Tasker Street).   At approximately 5:15 am the defendant's vehicle was stopped for a violation and the approaching officer asked the defendant for his identification.   The officer observed the defendant repeatedly reach for his waistband.   The defendant was ordered to stop reaching for his waistband however he continued to reach for that area.   The defendant was removed from the vehicle and frisked.

Recovered from the defendant's waistband was an operable, semi-automatic 9mm Baretta (SN# BER 067858) firearm loaded with 16 rounds of ammunition.

The defendant was charged for this conduct in the Court of Common Pleas for the Commonwealth of Pennsylvania and was convicted of a firearms offense.

**2. The defendant's admissions, made in music lyrics and videos, of possessing and using firearms.**

The following evidence are the defendant's own statements and are therefore admissions by a party opponent and are admissible pursuant to Federal Rule of Evidence 801(d)(2)(A).   The evidence is also admissible, in the alternative, under Federal Rule of Evidence 404(b) to establish defendant's knowledge, intent, and absence of mistake with respect to firearms possession.

The defendant has, for several years, been performing as a rap musician in and around Philadelphia.   He has made several songs and music videos that are posted on various social media platforms.   During the preceding years the defendant has performed under the psuedonyms of "Prada Idah" and "Muslida Bey."   The government intends to present the evidence from the defendant's lyrics by playing the following lyrics that relate to the possession of firearms.

Song and Video 1:   "Criminal" by Prada Idah - Here the defendant is seen on video surrounded by other individuals while he raps to the camera.   During the lyrics in question the defendant holds his hands extended towards the camera appearing to mock holding a firearm. At the beginning of the following lyrics the video displays the street sign for the intersection of 23rd Street and Tasker Street (the area of the defendant's instant arrest).   The defendant then raps the following lyrics: "**Where I'm from we don't miss and Farrakhan the minister / play with heavy Tommy guns like John Dillinger / Muadhdhin Bey / for short I'm (Inaudible) /**

6

**(Inaudible) told yourself man kill at will / you fellas understand gonna hid the pills / I'm warning ya / go and ask (Inaudible) / 23rd and Tasker, blast you in your yarmulke / No disrespect to Jews but I move with the Uz / Coming through to bruise on you dudes.**"

Song and Video 2:   "Love Me" by Muslida Bey - Here the defendant is seen on video, wearing a red hooded jacket, surrounded by other individuals while he raps to the camera. During the lyrics in question the defendant holds his right hand extended towards the camera appearing to mock holding a firearm.   The defendant then raps the following lyrics: "**If you walk / we spark / you're dying / with lead flying / rock solid / small Glock in my pocket / My grandpop was Lex Boots / the Black Mafia.**"

Song and Video 3:   "Straight Outta Philly" by Muslida Bey – Here the defendant is seen in a number of different locations while rapping.   At the beginning of the following lyrics the video displays the street sign for the intersection of 23rd Street and Tasker Street (the area of the defendant's instant arrest).   The defendant then raps the following lyrics: "**ain't with that chitty chatta / south philadel / south kill at will / I feel that steel / put one in your grill / top slida / Muslida / bang choppers / shots burn in your chest / like a shot of that vodka.**"

Song 4:   "Outtro" by Muslida Bey – Here the defendant raps the following lyrics: "**when you see me I'm strapped under my garments and I pack pistols in Porsches**."

> **B.** **The standards for admitting evidence under Rule 404(b)**
>
> **1.** **Relevance**

As a general rule, all relevant evidence is admissible.   Fed. R. Evid. 401.   Evidence is relevant if it has any tendency to make the existence of a fact of consequence more or less probable.   Relevance under Rule 401 is not a competition between possible explanations of the

evidence's significance.   A reasonable explanation of how the evidence makes a fact of consequence more or less likely resolves the relevance issue.   The fact that a party contesting admissibility can supply an alternate explanation of the evidence that disconnects it from the fact of consequence is not significant under Rule 401.   See McQueeney v. Wilmington Trust Co., 779 F.2d 916, 921 (3d Cir. 1985) ("evidence need not lead inescapably towards a single conclusion to be relevant, it need only make certain facts more probable than not.").   Resolving conflicting explanations of evidence is for the jury.   See DeMarines v. KLM Royal Dutch Airlines, 580 F.2d 1193, 1202 (3d Cir. 1978) (alternate explanations go to weight, not admissibility).   An alternative explanation of the evidence is not germane to the relevance determination under Rule 401, and a fact of consequence is not limited to the ultimate issue in a case, such as one of the defined essential elements of a crime.   Instead, a fact of consequence can be any step along a path of inference that leads to an "ultimate fact."   Old Chief v. United States, 519 U.S. 172, 179, 184 (1997).

Facts of consequence include reasonably anticipated defenses.   Evidence that makes a fact of consequence to a defense less likely is relevant evidence in the government's case.   See United States v. Kemp, 500 F.3d 257, 296-297 (3d Cir. 2007) (evidence disproving defendant's claims of wealth was relevant; defendant sought to negate his motive to launder money by claiming great wealth).   "Federal courts repeatedly have held that the government may offer evidence in its case-in-chief in anticipation of an expected aspect of the defense."   United States v. Curtin, 489 F.3d 935, 940 (9th Cir. 2007) (defendant accused of soliciting sex from a minor; government may impeach defendant's expected defense that he believed the minor was an adult posing as a young teenager).   In this case, the government anticipates that the defendant will

argue that he did not have knowledge of, nor did he possess, the firearm that was recovered from his waistband.[1]   Evidence that the defendant was familiar with semiautomatic firearms and that he has possessed them on his waistband in the area of his arrest prior to his arrest in this case, is admissible to rebut such a defense.

### 2.   Rule 404(b) Considerations

A party may move to admit evidence of prior acts pursuant to Rule 404(b), which provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character . . . .   This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident . . . .

Rule 404(b) evidence is proper "if relevant for any other purpose than to show a mere propensity or disposition on the part of the defendant to commit the crime."   United States v. Bergrin, 682 F.3d 261, 278 (3d Cir. 2012), quoting United States v. Johnson, 199 F.3d 123, 128 (3d Cir. 1999) (citation and internal quotation marks omitted)).

The United States Supreme Court adopted the following analysis for evaluating and admitting Rule 404(b) evidence: the evidence should be admitted (i) if it is offered for a proper purpose, (ii) if it is relevant; (iii) if the evidence's probative value is not substantially outweighed by its unfair prejudice; and (iv) if the court properly instructs the jury that it should consider the evidence only for the proper purpose for which it was admitted.   See Huddleston v. United

---

1 The defendant recently provided notice of proposed defense witnesses, Ebony Covington and Dartanya Williams, who will allege that the defendant did not possess a firearm on the night of his arrest in this case and that the police "planted" the gun on the defendant.

States, 485 U.S. 681, 691-92 (1988); see also United States v. Givan, 320 F.3d 452, 460 (3d Cir. 2003).

Proper evidentiary purposes for past crimes or acts evidence includes: (1) the defendant's motive; (2) intent and knowledge; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; or to (5) establish identity.   Green, 617 F.3d at 242.

The Third Circuit's recent decisions in United States v. Caldwell, 760 F.3d 267, 281 (3d Cir. 2014) and United States v. Brown, 765 F.3d 278, 294-95 (3d Cir. 2014), do not compel a different result.   In Brown, the defendant was arrested and charged with a firearm offense after police found a gun under the seat of the car he was driving.   Id. at 284.   At trial, Brown's girlfriend Brittney McCoy testified that she was the owner of the firearm.   Id. at 285.   She stated that she purchased the gun two years earlier after she was the victim of a home invasion robbery, and testified that she left the gun under the car seat.   Id. at 285 and n. 4.

The government then presented evidence that six years prior to the defendant's arrest, he used a straw purchaser to acquire firearms in exchange for drugs.   Id. at 285-286.   The asserted purpose for the evidence was to suggest that since the defendant used a straw purchaser in the past, he likely used McCoy to straw purchase the firearm found in the car, and that he therefore knew about and possessed the gun found under the car seat.   Id. at 293.   The Third Circuit found error, because there was no similarity between the scenario of the defendant's prior straw purchases, no evidence that McCoy was involved in those straw purchases, and no non-propensity inference that because the defendant straw purchased guns in the past, he constructively possessed the gun under the car seat.   Id.   The court held that in evaluating the

non-propensity purpose for the proffered evidence, the district court must consider the material facts necessary for a conviction.   Id. at 292.   A new trial was ordered, because the defendant did not claim that he did not know what a firearm is and his general familiarity with firearms was not at issue; evidence that he previously engaged in straw purchasing guns in exchange for drugs had no non-propensity purpose.   Id.

A similar issue arose in United States v. Caldwell, 760 F.3d at 267.   In that case, Caldwell was charged with possession of a firearm by a convicted felon.   Id. at 271.   Testimony was presented that Caldwell dropped a gun when approached by police.   Id.   Caldwell testified at trial that he had a cell phone in his hand, not a gun, and claimed it was one of his companions who dropped the gun.   Id. 271-72.   The government then introduced the defendant's two prior firearms convictions on the ground that it showed Caldwell's knowledge and intent.   Id. at 273, 278 n.7.   The court reversed, noting that unless a defendant claimed that he did not know the object in his hand was a gun, knowledge is not an issue in a gun possession case, and there was no non-propensity rational for admission of Caldwell's prior firearm convictions.   Id. at 282. The court indicated that since the defendant admitted that possession amounted to knowledge that knowledge was not in issue in the trial.   Therefore the 404(b) evidence should not have been admitted.   The court made clear though that when knowledge was at issue in an actual possession case 404(b) evidence can be admissible.   Id. at 281.   The court described Rule 404(b) as a rule of general exclusion and noted that the party seeking to admit the evidence has the burden to establish that the proffered evidence is a permitted use under Rule 404(b).   Id. at 276.   Finally, the court stressed that the district court must articulate its balancing of Rule 404(b) evidence pursuant to Rule 403.   Id. at 284.

Unlike <u>Brown</u> and <u>Caldwell</u>, the evidence discussed above should be admitted pursuant to Rule 404(b).   Here the defendant is going forward at trial with a defense of "the gun was planted on me by the police so I didn't possess it."   This position has been made clear through counsel's statements to the government and the transcripts of defense witness Ebony Covington. Therefore the defendant's posture at trial is dramatically different than Caldwell.   Caldwell conceded that knowledge wasn't at issue if there was possession.   Caldwell simply denied that he possessed the gun but admitted that if he did possess it, then knowledge was proven.   Here the defendant intends to take a position at trial that not only did he not possess the gun but that the police placed the gun on him and therefore he did not know about the gun.   Such a position is not merely claiming innocence, as Caldwell did, it is the unusual circumstance of putting knowledge at issue in an actual possession case.   Indeed <u>Caldwell</u> alludes to this sort of a circumstance when the court stated that "if Caldwell testified that he thought the object in his hand was something other than a gun, then it would immediately become critical for the prosecution to rebut his claim of mistake and to show his knowledge" by presenting the evidence on his prior gun conviction.   <u>Id.</u> at 281.   Here the defendant is taking a defense at trial in a form distinctly similar to the hypothetical posed in <u>Caldwell</u>.   Bey, at trial, is not going to say that his waistband held some other unknown object (as in the hypothetical) but he will say, through his witnesses, that he didn't possess anything at all, and if he did, then unbeknownst to him the police placed the gun on him.   His defense then claims that he did not know he had a gun and that it was found by the police's mistaken or illegal conduct.   The defendant here is not conceding anything, indeed he intends to call witnesses to put forth an argument that puts

knowledge, absence of mistake and intent at issue.   Therefore the government is permitted to present evidence, under 404(b), to rebut those exact arguments and defenses.

### 3.   Rule 403 – That the Probative Value is Not Substantially Outweighed by the Potential for Unfair Prejudice

Federal Rule of Evidence 403 permits a district court to exclude relevant evidence only if the evidence's probative value is *substantially* outweighed by the danger of *unfair* prejudice. Fed. R. Evid. 403 (emphasis added).   "Unfair prejudice" refers to an undue tendency to suggest a decision on an improper basis.   See Fed. R. Evid. 403, Advisory Committee Notes. Rule 403 does not entail a simple "balancing."   The rule makes clear that exclusion is allowed only if the prejudicial impact "substantially outweighs" the probative value.   In part, this means that the test is almost surely not met where the probative value of the evidence is itself high. The remedy is "extraordinary" and should be applied sparingly; the balance should be struck in favor of admissibility.   United States v. Terzado-Madruga, 897 F.2d 1099, 1117 (11th Cir. 1990); accord, United States v. Dennis, 625 F.2d 782, 797 (8th Cir. 1980); United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978).

Moreover, in speaking of "prejudice," the Rule is not asking simply whether the evidence is harmful to the defendant's case:

> [Rule 403] does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case. Rather, the rule only protects against evidence that is *unfairly* prejudicial.   Evidence is unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

Advisory Committee's Note, F.R.Evid. 403; Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980). "[T]he prejudice against which [Rule 403] guards is *unfair* prejudice -- prejudice of the sort

which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found.'"   United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009) (quoting Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 670 (3d Cir. 2002) (emphasis in original)).   "Virtually all evidence is prejudicial or it isn't material."   Carter, 617 F.2d at 972 n.14 (quoting Dollar v. Long Manufacturing Co., 561 F.2d 613, 618 (5th Cir. 1977)); Cross, 308 F.3d at 323 ("[W]hen evidence is highly probative, even a large risk of unfair prejudice may be tolerable.").   As the Third Circuit noted in Cross, 308 F.3d at 325, "Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury.   It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone." (quoting United States v. Gartmon, 146 F.3d 1015, 1021 (D.C. Cir. 1998).

Further, any prejudice may be ameliorated through a jury instruction which, as the Third Circuit has stated, minimizes any potential for unfair prejudice and ensures that the jury does not consider the evidence for an improper purpose.   See, e.g., United States v. Lee, 612 F.3d 170, 191 (3d Cir. 2010); United States v. Sriyuth, 98 F.3d 739, 748 (3d Cir. 1996).   Finally, it may be observed that the Third Circuit has allowed the admission under Rule 404(b) even of information which in all likelihood was far more prejudicial than that involved in the current case at issue.   For example, in United States v. Green, 617 F.3d 233 (3d Cir. 2010), the defendant was charged with attempted possession of a kilogram of cocaine with intent to distribute.   The Court held that a district court did not abuse its discretion in admitting evidence regarding the defendant's efforts to acquire dynamite in order to kill an undercover officer involved in an earlier case, because the evidence helped explain the conversations between the defendant and a cooperator, and to

14

explain the cooperator's motives in assisting law enforcement.   The Court added: "We note that we have rejected Rule 403 challenges to the admission of evidence that was just as prejudicial as the evidence at issue here.   See, e.g., [United States v.] Scarfo, 850 F.2d [1015,] 1020 [(3d Cir. 1988)] (evidence of uncharged murders); United States v. Sriyuth, 98 F.3d 739, 748 (3d Cir.1996) (evidence of uncharged rape)."   Green, 617 F.3d at 252.   See also Bronshtein v. Horn, 404 F.3d 700, 730-31 (3d Cir. 2005) (under a state rule akin to Fed. R. Evid. 404(b), the trial court permissibly allowed evidence of participation in another murder to prove the identity of the killer in the charged murder); United States v. Daraio, 445 F.3d 253, 264-66 (3d Cir. 2006) (evidence of defendant's uncharged tax evasion was relevant to show defendant's intent in failing to pay over payroll taxes).

In this case, any prejudice, let alone unfair prejudice, does not substantially outweigh the highly probative value of the evidence.   Any risk that the jury will impermissibly consider the evidence as proof of the defendant's propensity to commit crimes can be mitigated by the Court's limiting instruction to the jury.   Green, 617 F.3d at 252.   The government has included below a proposed limiting instruction concerning the purposes for which the evidence may be used.   Thus, all prongs for admission under Rule 404(b) have been met.

### C.   Analysis of the government's offered evidence

#### 1.   The Defendant's Prior Contacts with Law Enforcement while Possessing Firearms – 404(b) Evidence.

Here, the proposed evidence that officers previously observed defendant in possession of firearms will be tendered for a distinctly non-propensity purpose – it will be offered to show his knowledge of firearms and absence of mistake in possessing a firearm on his waistband.   The

evidence is also admissible to rebut a defense that the defendant was found in possession of a firearm, merely by chance, or worse yet by way of illegal conduct by the police.

Specifically, evidence that the defendant was previously found to possess a loaded semi-automatic firearm on his waistband in the area of his current arrest for possessing a loaded semi-automatic firearm in his waistband is probative for those non-propensity reasons.   The chain of inferences is as follows:

- That on multiple occasions in the past the defendant possessed a loaded semi-automatic firearm on his waistband in the area around 23rd Street and Tasker Street.

- The defendant therefore knows what a firearm is, what a loaded semi-automatic firearm feels like, and that one can be held upon his waistband.

- Therefore, it can be reasonably inferred that because he knows what a loaded firearm feels like when possessed on a waistband that he was acting with knowledge and absence of mistake when he was found with a loaded firearm on his waistband on March 28, 2016.

Moreover, the defendant's defense, that the police planted the firearm, necessarily infers that the defendant does not and has not possessed firearms on his person.   The defendant's prior arrests for possessing a firearm on his person therefore rebut the defense of non-possession of this firearm.   The government's argument is not that the defendant possessed guns in the past so therefore he possessed this gun.   The argument is, however, that the defendant in the past, in this same area, possessed a similar gun in the exact same way.   Those similar prior possessions

therefore make it more likely, and probative, as to whether he knew he possessed a gun on March 28, 2016, and if so, if it was intentional and not mistaken.

This evidence is also permissible because its probative value is not substantially outweighed by a risk of undue prejudice.   Especially considering the defendant's anticipated defense of the police planting the gun upon him, his knowledge of firearms and absence of mistake in holding a firearm on his waistband are all likely to be highly contested matters at trial. The proffered evidence is highly probative of those matters -- his knowledge and absence of mistake.   Moreover the similarity in circumstances of the prior arrests with the current one make it more valuable evidence for the jury to infer on those proper Rule 404(b) grounds.   Those values are not substantially outweighed by a risk of undue prejudice.   In the one incident, the defendant was acquitted of the charged possession and in the other he was merely found with a gun on his person but not otherwise committing any crime.   The evidence therefore will be submitted in a nearly clean fashion that provides virtually no basis to find a substantial risk of undue prejudice.   Analyzing the evidence under Rule 404(b) the defendant's prior possessions of firearms are admissible.

## 2.   The Defendant's Admissions to Possessing Firearms – 801(d)(2)(A) Evidence or, in the alternative, 404(b) Evidence.

These lyrics are admissible on multiple grounds. The defendant's statements are admissions by a party opponent and are therefore admissible.   In the alternative, the statements are admissible as prior bad acts to show knowledge, intent and absence of mistake.

a.   Rule 801(d)(2)(A) – Admissions of a Party Opponent.

The defendant's lyrics are admissions under Fed. R. Evid. 801(d)(2)(A), which provides that a party's own statement is directly admissible against the party.   Rule 801(d)(2)(A) provides

17

that a "a statement is not hearsay if – the statement is offered against a party and is . . . (A) the

party's own statements, in either an individual or a representative capacity."   See United

States v. Matlock, 415 U.S. 164, 172 (1974) (A party's "own out-of-court admissions... surmount

all objections based on the hearsay rule... and [are] admissible for whatever inferences the trial

judge [can] reasonably draw.").   Here, the government will be able to present evidence that the

defendant is rapping the lyrics.   See United States v. McGlory, 968 F.2d 309, 335 n. 17 (3d Cir.

1992) ("If the evidence establishes that [defendant] is the author of the exhibits, they are

admissible against him as admissions by a party opponent under Rule 801(d)(2)(A)").

Rap lyrics, videos, and similar productions by a defendant have been admitted under

Federal Rules of Evidence 801(d)(2)(A) and 801(d)(2)(E) in a number of different contexts and

courts. See United States v. Baukman, 2010WL3448202, *8 (E.D.Pa. Aug. 31, 2010)(admission

of a film created by defendant under 801(d)(2)(E)) See also United States v. Miller, 638 Fed.

Appx. 543, 545 (8th Cir. 2016); United States v. Pierce, 785 F.3d 832, 840-41 (2d Cir. 2015);

United States v. Moore, 639 F.3d 443, 447-48 (8th Cir. 2011); United States v. Belfast, 611 F.3d

783, 820 (11th Cir. 2010); United States v. Stuckey, 253 Fed. Appx. 468, 482-43 (6th Cir. 2007).

Indeed the admission of such evidence simply turns on an analysis of whether the statement was

made by the defendant, whether it is relevant, and whether its probative value is substantially

outweighed by the danger of unfair prejudice.

As noted above, Federal Rule of Evidence 403 permits a district court to exclude relevant

evidence only if the evidence's probative value is *substantially* outweighed by the danger of

*unfair* prejudice.   Fed. R. Evid. 403 (emphasis added).   "Unfair prejudice" refers to an undue

tendency to suggest a decision on an improper basis.   See Fed. R. Evid. 403, Advisory

18

Committee Notes.   Rule 403 does not entail a simple "balancing."   The rule makes clear that

exclusion is allowed only if the prejudicial impact "substantially outweighs" the probative value.

Moreover, in speaking of "prejudice," the Rule is not asking simply whether the evidence is

harmful to the defendant's case:

> [Rule 403] does not offer protection against evidence that is merely
> prejudicial, in the sense of being detrimental to a party's case.
> Rather, the rule only protects against evidence that is *unfairly*
> prejudicial.   Evidence is unfairly prejudicial only if it has "an
> undue tendency to suggest decision on an improper basis,
> commonly, though not necessarily, an emotional one."

Advisory Committee's Note, F.R.Evid. 403; Carter v. Hewitt, 617 F.2d 961, 972 (3d Cir. 1980).

"[T]he prejudice against which [Rule 403] guards is *unfair* prejudice -- prejudice of the sort

which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral

application of principles of law to the facts as found.'"   United States v. Starnes, 583 F.3d 196,

215 (3d Cir. 2009) (quoting Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 670 (3d Cir. 2002)

(emphasis in original)).   "Virtually all evidence is prejudicial or it isn't material."   Carter, 617

F.2d at 972 n.14 (quoting Dollar v. Long Manufacturing Co., 561 F.2d 613, 618 (5th Cir. 1977)).

Here, the subject music videos and lyrics are admissible as admissions of a party

opponent.   The videos and lyrics are performed by the defendant and in each he self identifies as

either Muadhdhin Bey or a known pseudonym, Muslida Bey or Prada Idah.   The lyrics are

clearly assertions by the defendant about his activities that the government seeks to use against

him.   Thus the requirements of Federal Rule of Evidence 801(d)(2)(A) are met and the

statements are admissible unless prohibited under Rule 403.

This evidence however has a high probative value.   As noted above, recently the

government was made aware of two defense witnesses through whom the defendant appears to

plan to defend the charge by claiming that the police planted the firearm upon him.   Also as noted above evidence to rebut defenses and that make a fact of consequence to a defense less likely is relevant evidence in the government's case.   See United States v. Kemp, 500 F.3d 257, 296-297 (3d Cir. 2007).   Defendant's claims of not being in possession of the firearm here are much less likely when viewed in the context of his repeated statements that he carries concealed firearm on his person in the area of his arrest.   Moreover, the lyrics bear directly on this case. Defendant was charged with carrying a concealed weapon and his admissions include statements such as "small Glock in my pocket;" "strapped under my garments;" and "feel that steel."

Additionally probative is that the defendant was stopped with the firearm outside of a local bar that sits at the intersection of 23rd Street and Tasker Street, in South Philadelphia very near to his home.   Meanwhile his admissions about possessing guns, in at least two instances, *were made and videotaped while standing at the place of his arrest at the intersection of 23rd Street and Tasker Street*.   This evidence bears directly not only on the government's case but bears directly as evidence against the defendant's defense.   Finally, as noted in the section below, the evidence also bears on the defendant's intent to possess the firearm, his absence of mistake in possessing the firearm, and his knowledge of the firearm.   Thus it is highly probative material.   Conversely, this evidence has a low risk of undue prejudice to the defendant.   The government is not seeking to admit all statements made by the defendant in his lyrics about gun possession, violence, and his drug trafficking, for that would turn the trial into a sideshow delayed for hours on end with multiple songs.   Instead, the government seeks only to use the above listed short, seconds-long, portions of his lyrics.   Finally, these portions of the lyrics are not so inflammatory, problematic, or violent that they are likely to result in a verdict based on

20

emotion or reactions that "cloud[ ] impartial scrutiny and reasoned evaluation of the facts."

Starnes, 583 F.3d at 215.   Considering the purposes and risks of the evidence it cannot be said

that the value of the defendant's admissions are substantially outweighed by the risk of undue

prejudice and thus they are admissible.

> b.  Rule 404(b) – Prior Bad Acts

Second, these statements are admissible under Rule 404(b)[2] as they are relevant to the

charge in the indictment that the defendant knowingly possessed the firearm on March 28, 2016.

His repeated references to firearms in these lyrics made it more probable that he was familiar

with guns and carries them on his person and rebuts any contention to the contrary. Courts in

similar contexts have admitted rap lyrics or fictional writings for that purpose under Rule 404(b).

See United States v. Foster, 939 F.2d 445, 455 (7th Cir. 1991) (upholding admission of

defendant's rap lyrics because they demonstrated that he "was familiar with drug code words

and, to a certain extent, narcotics trafficking, a familiarity that made it more probable that he

knew that he was carrying illegal drugs").   In United States v. Brown, 2008 WL 2660587

(S.D.Ga. July 7, 2008), the Court described personal writings seized from defendant's bedroom:

"[t]hese writings include a handwritten prayer asking for mercy and guidance from the Almighty

because of the author's life of gun crime, including a wish to 'get away from the mighty gunfire,'

his mother worrying whether he 'would be killed in yet another gunfight,' and the author

justifying his actions as an attempt to 'prove to my hommies 'yea I'm up for it yea I'm

---

2  The government does not concede or claim that rap music or engaging in making rap music is
a "bad act" within the scope of Rule 404(b).   However, in an abundance of caution, the
government addresses potential 404(b) concerns should the Court wish to examine the material
under that paradigm.

hardcore.'" Id. at * 1. The Court found that this evidence was relevant to the charges against the defendant, who was accused of firearms-related offenses, because it was connected to his "knowledge, opportunity and lack of mistake in possessing and using firearms in connection with criminal activity. Thus it dials directly into aspects (gun-possessing intent) of the central crime alleged by the Indictment and is admissible under F.R.Ev. 404( b)." Id. at *2. See also United States v. Houston, 205 F.Supp.2d 856, 865 n.6 (W.D.Tenn. 2002) (noting, in dicta, that in a case involving a firearms-related charge, "the government could have introduced [defendant's rap lyrics] under 404(b), F.R.E., as circumstantial evidence tending to show knowledge or absence of mistake).

Rule 403 does not bar introduction of the rap lyrics.   Here the defendant denies that he possessed the firearm on his person. Therefore, the fact that in the past he has made statements about possessing guns, often in the exact manner in which the police recovered this gun, is relevant evidence for the jury to consider whether the gun was his or he had knowledge about the gun.   The lyrics have a high probative value because knowledge will be a hotly contested issue at trial, and there are no grounds for a finding of unfair prejudice. See Foster, 939 F.2d at 457 (rejecting Rule 403 objection to admission of rap lyrics because there is "a legitimate inference that may be drawn from the verse shown above"). Any unfair prejudice can be ameliorated by a limiting instruction from this Court.   Indeed, in order to further limit the risk of undue prejudice, the government is providing the lyrics in a shortened form after having removed all other references in the defendant's lyrics to drug trafficking, violence, robbery, and other crimes.

Further weighing in favor of the government is that it is not intending to introduce it to show that the defendant has a propensity towards criminality. United States v. Brown, 2008 WL

2660587 at *1 (holding rap lyrics were properly admitted because "the Government does not seek its introduction to prove Fields has bad character-i.e., that because he is a member of a gang, he must have bad character, thus must have committed the crimes alleged).   The defendant's lyrics that he possessed firearms have a legitimate non-propensity chain of inferences.   The inferences and findings are as follows:

- The defendant has previously stated that he possesses concealed firearms on his person.

- The defendant has previously stated, while in the area of 23rd and Tasker Street, that he possesses firearms in the area of 23rd Street and Tasker Street.

- The defendant was arrested at 23rd Street and Tasker Street in possession of a concealed firearm.

- The defendant's prior statements reasonably infer that he knowingly chose to possess a firearm in the area of 23rd Street and Tasker Street.

The statements therefore are probative of his knowledge, intent, and lack of mistake in possessing a firearm at 23rd Street and Tasker Street on March 28, 2016.   Moreover, the defendant's admissions of possessing firearms rebuts the defense that he did not possess this gun and that the police planted the evidence upon him.

Similarly, the defendant's admissions, through music lyrics, show his knowledge of firearms as the lyrics include references to an Uzi, a Glock, a Tommy gun, "steel" (a common slang term for a firearm), "choppers" (a common slang term used interchangeably for an automatic or semi-automatic rifle such as an AK-47 or a AR-15), and being "strapped" (a common slang term for carrying a concealed firearm).   Finally, the lyrics demonstrate an

absence of mistake in that the lyrics not only repeatedly reference possessing and using firearms but more significantly possessing them in a concealed manner on his person ("small Glock in my pocket" and "strapped under my garments") which is wholly consistent with his conduct here.

This evidence is relevant, probative, not offered to establish propensity, and its probative value is not substantially outweighed by its risk of unfair prejudice.   Thus the evidence is admissible pursuant to Federal Rule of Evidence 404(b).

### D.    **Limiting Instruction**

At the time the proposed evidence is introduced, and at the conclusion of the case, the Court can provide a limiting instruction to the jury.   The Third Circuit's Model Jury Instruction 4.29, Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b)), provides the basis for the following proposed instruction:

*You have heard testimony that:*

*(1)    On September 18, 2002, defendant Muadhdhin Bey was arrested by members of the Philadelphia Police Department in the area of 1500 South Ringgold Street, Philadelphia. Recovered from Muadhdhin Bey's waistband was a loaded semi-automatic firearm.   This evidence is admissible prove the defendant's knowledge and absence of mistake in possessing the firearm on March 28, 2016.*

*(2)    On September 29, 2002, defendant Muadhdhin Bey was arrested by members of the Philadelphia Police Department in the area of 1600 Point Breeze Avenue, Philadelphia. Recovered from Muadhdhin Bey's waistband was a loaded semi-automatic firearm.   This evidence is admissible prove his knowledge and absence of mistake in possessing the firearm on March 28, 2016.*

*This evidence of other acts was admitted only for limited purposes.   You may consider this evidence only for the purpose of deciding whether the defendant had the knowledge and an absence of mistake necessary to commit the crimes charged in the indictment.*

*Do not consider this evidence for any other purpose.*

*Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.   You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.*

*The defendant is not on trial for committing these other acts.   You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime charged.   You may not consider this evidence as proof a defendant has a bad character or any propensity to commit crimes.   Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the offenses charged in the indictment.*

*Remember that the defendant is on trial here only for the offense charged in the indictment, not for these other acts.   Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.*

Such a limiting instruction will address any potential for unfair prejudice and ensure that the jury does not consider the evidence for an improper purpose.   See United States v. Givan, 320 F.3d 452, 462 (3d Cir. 2003) ("it is a basic tenet of our jurisprudence that a jury is presumed to have followed the instructions the court gave it . . . If we preclude the use of evidence admissible under Rule 404(b) because of a concern that jurors will not be able to follow the

court's instructions regarding its use we will inevitably severely limit the scope of evidence permitted by that important rule.").   See Sriyuth, 98 F.3d at 748; Sampson, 980 F.2d at 886.

## III.    ADDITIONAL EVIDENCE

The government has attempted to set forth with particularity the evidence that it seeks to introduce under Rule 404(b) of the Federal Rules of Evidence.   The government further respectfully requests that it be permitted to supplement this particular request with additional requests if the government comes to believe during the course of its trial preparation that such additional evidence would be useful to the jury in its determination of a fact material to a disputed element, or should the government newly learn of such additional evidence.

## IV.    CONCLUSION

For all of the foregoing reasons, the government respectfully requests that this Court enter the attached order admitting the evidence described.

Respectfully Submitted,

LOUIS D. LAPPEN
Acting United States Attorney


 /s   Jonathan B. Ortiz
JONATHAN B. ORTIZ
Assistant United States Attorney

26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Government's Motion *in*

*Limine* to Admit Evidence Under Federal Rules of Evidence 404(b) and 801(d)(2)(A) has been

served by me this date, by electronic filing, upon the following:

> Kathleen M. Gaughan
> Federal Defender Association
> 601 Walnut Street, Suite 540 West
> Philadelphia, PA 19106
> Kathleen_gaughan@fd.org


 /s   Jonathan B. Ortiz
JONATHAN B. ORTIZ
Assistant United States Attorney


Date: March 30, 2017