# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 16-290** |
| **MUADHDHIN BEY** | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

AND NOW comes the United States of America, by its attorneys, Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania, and Jonathan B. Ortiz, Assistant United States Attorney for said district, and files the following Response to Defendant's Motion to Compel (Doc. No. 60):

### Background

The indictment in the above-captioned case charges defendant Muadhdhin Bey with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The indictment was obtained after testimony before the grand jury by a government witness.  That government witness will not be called as a witness at the trial of Muadhdhin Bey.

Prior to trial the defendant provided notice of several potential defense witnesses, including Dartanya Williams.  In response, the government made contact with Mr. Williams and interviewed him.  Mr. William's statements were memorialized in a written statement, signed by him.  On April 26, 2017, the defendant requested a copy of Mr. Williams' statement.  The government declined the request stating that the disclosure is not required.

On April 27, 2017, the defendant requested the disclosure of the grand jury transcript made in support of the indictment.  The government declined the request stating that the disclosure is

not required, as the grand jury witness was not going to be called at trial and that the disclosure of the transcript was not otherwise required under the Federal Rules of Criminal Procedure.

On Friday, April 28, 2017, the defendant filed a motion to compel the production of these same materials. The government responds as follows:

### Discussion

The law is well settled that "[c]riminal pretrial discovery is, of course, vastly different from discovery in civil cases." United States v. Ramos, 27 F.3d 65, 67-68 (3d Cir. 1994). "In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." Id. Accord United States v. Casseus, 282 F.3d 253, 257 (3d Cir. 2002) (affirming district court's denial of defense request for disclosure and interview of eyewitness/anticipated government trial witness; "[I]t is clear that a criminal defendant does not have the right to full discovery of the government's case.").[1]

The government notes that its obligation to make available pretrial discovery materials is governed primarily by Rule 16 of the Federal Rules of Criminal Procedure.  That rule requires the government to produce certain categories of information upon request of the defendant:  1) the defendant's statements that are in written or recorded form (including grand jury testimony) and any oral statement given by the defendant to a person then known by the defendant to be a

---

[1]   As the Supreme Court explained in United States v. Ruiz, 536 U.S. 622, 629 (2002), the Constitution does not require the government to share "all useful information" with the defendant during discovery.   In particular, the government is not required to disclose impeachment material relating to informants or other witnesses, as premature disclosure could "disrupt ongoing investigations," expose prospective witnesses to "serious harm," and would place a substantial "burden" on the government prior to trial preparation.   Id. at 631-32.

government agent (Rule 16(a)(1)(A) & (B)); 2) the defendant's prior criminal record (Rule 16(a)(1)(D)); 3) all documents and tangible objects within the possession, custody or control of the government which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant (Rule 16(a)(1)(E)); 4) results or reports of physical or mental examinations or other types of scientific tests in the government's possession which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial (Rule 16(a)(1)(F)); and 5) a written summary of expert testimony the government intends to use during its case in chief at trial (Rule 16(a)(1)(G)).

Under Brady v. Maryland, supra, and its progeny, the government also has the obligation to disclose exculpatory evidence -- evidence that is favorable and material to the defense. Strictly speaking, Brady "'is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation.'" United States v. Starusko, 729 F.2d 256, 262 (3d Cir. 1984) (citation omitted).

> Exculpatory evidence includes material that goes to the heart of the defendant's guilt or innocence as well as that which might well alter the jury's judgment of the credibility of a crucial prosecution witness. Evidence impeaching the testimony of a government witness is exculpatory when the credibility of the witness may be determinative of a criminal defendant's guilt or innocence. If the exculpatory evidence "creates a reasonable doubt" as to the defendant's culpability, it will be held to be material.

Id. at 260 (citations omitted). See also United States v. Bagley, 473 U.S. 667, 682 (1985) (Evidence is "material" when it is reasonably probable that, "had the evidence been disclosed to the defense, the result of the proceeding would have been different."). Brady material must be disclosed "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983), cert. denied, 464 U.S. 1048 (1984). Accord United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988). To that end, it is the government's obligation to review its files in search of Brady material. "Unless defense counsel becomes aware that other exculpatory evidence was withheld

and brings it to the court's attention, the prosecutor's decision on disclosure is final." Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987) (footnote omitted).  See also United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994); United States v. American Radiator & Standard Sanitary Corp., 433 F.2d 174, 202 (3d Cir. 1970) (defendant is not entitled to search government's files for Brady material simply on speculation that such material may exist), cert. denied, 401 U.S. 948 (1971).

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide the defense with statements of witnesses that the government intends to call at trial.  The Jencks Act protects discovery of such witnesses' statements, however, "until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a).  See also United States v. Ramos, 27 F.3d at 68; United States v. Campagnuolo, 592 F.2d 852, 858 (5th Cir. 1979); United States v. Horsley, 621 F. Supp. 1060, 1067-68 (W.D. Pa. 1985), aff'd, 831 F.2d 286, 288 (3d Cir. 1987); United States v. Fischbach & Moore, Inc., 576 F. Supp. 1384, 1393 (W.D. Pa. 1983).   The Third Circuit has held that a defendant's right to a fair trial is "fully protected" if Brady material relating to the credibility of government witnesses is disclosed "the day that the witness testifies."  Higgs, 713 F.2d at 44.

The United States accepts its obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), Rules 12 and 16 of the Federal Rules of Criminal Procedure, and the Jencks Act, 18 U.S.C. § 3500.  The United States acknowledges that a strict adherence to the dictates of the Jencks Act could cause delays at trial.   Therefore, the government already voluntarily turned over Jencks Act materials.

The Jencks Act, 18 U.S.C. § 3500, was enacted to set limits on pretrial discovery of witness statements in criminal cases, and, hence, reflects a legislative determination that a criminal defendant is entitled to use such statements for impeachment purposes in cross-examination, rather

than in pretrial preparation.   See Palermo v. United States, 360 U.S. 343, 359 (1959); United States v. Murphy, 569 F.2d 771, 773 (3d Cir. 1978).   Under the Act itself, the government must produce statements of the government witnesses at the end of their direct examination:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was **made by a government witness or prospective government witness** (other than the defendant) shall be the subject of subpoena [sic] discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500 (emphasis added).

As noted above, the Jencks Act requires only the production of statements of witnesses, after the witness has completed the direct examination by the government.   United States v. Ramos, 27 F.3d 65, 69 (3d Cir. 1994).   By its plain language, the Jencks Act does not require the disclosure of a witness who will not be called at all by the government.   See, e.g., United States v. Williams, 875 F.2d 846, 854 (11th Cir. 1989); United States v. Medel, 592 F.2d 1305, 1316 n.2 (5th Cir. 1979); United States v. Wilkinson, 513 F.2d 227, 232 (7th Cir. 1975); United States v. Sink, 56 F.R.D. 365, 367 (E.D. Pa. 1972).   In United States v. Eisenberg, 773 F.2d 662, 682 (D.N.J. 1991), and United States v. Fischbach and Moore, Inc., 576 F. Supp. 1384, 1390 (W.D. Pa. 1983), the courts rejected requests made for production of statements of non-testifying co-conspirators.

The United States Supreme Court and the Court of Appeals for the Third Circuit both have confirmed that Jencks Act material need not be produced until after the witness testifies at trial. Palermo, 360 U.S. at 349; United States v. Starusko, 729 F.2d at 263; Murphy, 569 F.2d at 773; United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972).   Moreover, the Third Circuit has repeatedly held that a district court cannot compel the government to disclose statements of its witnesses before the conclusion of their direct examination, and that ordering early disclosure of

such information constitutes an abuse of discretion or even reversible error.  United States v. Higgs, 713 F.2d at 44-45; Murphy, 596 F.2d at 773; Kenny, 462 F.2d at 1212; United States v. Scolnick, 392 F.2d 320, 327 (3d Cir. 1968).  See also In re United States, 834 F.2d 283 (2d Cir. 1987); United States v. Algie, 667 F.2d 569, 571 (6th Cir. 1982); United States v. Litman, 547 F. Supp. 645, 652 (W.D. Pa. 1982).

Outside of the aforementioned statutes, rules, and case law, defendants have no general constitutional right to pretrial discovery.  Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Those rights conferred by statute, rule, and case law cannot be used to compel the United States to disclose the minutia of its evidence, its trial strategy, or its investigation.  United States v. Fiorvanti, 412 F.2d 407, 411 (3d Cir.), cert. denied, 396 U.S. 837 (1969).  Indeed Rule 16 provides, at (a)(2) "Information Not Subject to Disclosure" ("Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.  Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500."  Rule 16 also excludes from discovery grand jury material.  As stated in Rule 16(a)(3) ("Grand Jury transcripts"), "this rule does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1) and 26.2."

Thus, Brady, Rule 16, and the Jencks Act are construed as limits on discovery, within which limits the trial court may exercise its discretion.  See United States v. Randolph, 456 F.2d 132, 136 (3d Cir.), cert. denied, 456 U.S. 132 (1972); Fischbach & Moore, Inc., 576 F. Supp. at 1393 (Brady is not a discovery device); United States v. Deerfield Specialty Papers, 501 F. Supp.

2

796, 819 (E.D. Pa. 1980) (pretrial discovery rules are not meant to permit "fishing expeditions" into government case files); cf. United States v. Adams, 759 F.2d 1099, 1111 (3d Cir.) (discovery is within the discretion of the district court), cert. denied, 474 U.S. 906, 971 (1985); United States v. Liebert, 519 F.2d 542, 548 (3d Cir.) (defendant's discovery demands must be reasonable), cert. denied, 423 U.S. 985 (1975).    Therefore, a statement that is not covered by Rule 16 or the Jencks Act only needs to be disclosed by the government if it contains exculpatory evidence.

   The Statements of Mr. Williams

   As noted above, an analysis of the government's discovery obligations is controlled by Rule 16, Brady, and the Jencks Act.   Mr. Williams, however, is a defense witness; the government is not calling him in its case-in-chief.    As is explained blow, under Rule 16, the Jencks Act and Brady, the statement of Mr. Williams is not discoverable.

   First, looking at the enumerated sections of Rule 16, the government's statement of Mr. Williams is not discoverable.   A statement of a defense witness is not the "**defendant's** oral statement" under Rule 16(a)(1)(A).   A statement of a defense witness is not the "**defendant's** written or recorded statement" under Rule 16(a)(1)(B).   The defendant, Mr. Bey, charged as an individual, is not an "organizational defendant" and therefore a statement of a defense witness is not discoverable under Rule 16(a)(1)(C).   A statement of a defense witness is also not a "report of examination and test" under Rule 16(a)(1)(F).   Finally, a statement of a defense witness is not a summary of an "expert witness" under Rule 16(a)(1)(G).

   Therefore without any other statutory provision to point to, defendant claims that a statement of a defense witness is a "document or object" under Rule 16(a)(1)(E).   The defendant is wrong.   The rule specifically enumerates a number of items that fall within, and illustrate, the scope of Rule 16(a)(1)(E).   Those include "photograph books, papers, documents, data,

3

photographs, tangible objects, buildings or places, or copies of portions of any of these items. . . ." The section continues to state that an item is discoverable, if the "(i) item is material to preparing a defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant"

As an initial matter, the statement of Mr. Williams is neither an enumerated item under the rule nor an item that is even similar to an enumerated item in the rule.   By its explicit terms the rule deals with documents and items in the government's possession.   A statement is not an item or object.

Moreover, even if the statement were considered an "item "it still would not be discoverable.   First, the statement of Mr. Williams is not material to preparing a defense.   Mr. Williams is a defense witness.   He has, by counsel's own admission, been interviewed by the defense team already.   The defendant, and his counsel, know what Mr. Williams will testify to. If they did not it would be bordering on ineffective assistance of counsel to call Mr. Williams as a defense witness at trial.   The defendant fails to explain, or provide any support, for the claim that despite already knowing what Mr. Williams will say that knowing what he said to government is material to his defense.   The Court, therefore, is forced to speculate about the defendant's actual reasoning for his request.   If knowing the contents of the statement is material, then under Rule 16, the defendant must explain why.   He has not provided a justification.

Second, the statement of Mr. Williams is not an "item" the government seeks to use in its case-in-chief.   As noted above, Mr. Williams is not the government's witness.   The government does not intend to call him as a witness.   To the extent that Mr. Williams testifies at trial, it will be in the defense's case.   Therefore, neither Mr. Williams, nor his statement are within Rule 16(a)(1)(E)(ii).   Third, the statement of Mr. Williams, was not obtained from and does not belong

4

to the defendant, Muadhdhin Bey.

Additionally, the statement of Mr. Williams is not discoverable as <u>Brady</u> material.  The government has reviewed the contents of the statement and represents that it contains no information that is exculpatory or otherwise favorable to the defendant.

Finally, as noted above, the government in a criminal case is obligated, under the Jencks Act, to provide a copy of the substance of a witness's statement to opposing counsel if requested. The Jencks Act (18 U.S.C. § 3500) however, only applies to the government's witness.  Mr. Williams is the defendant's witness, not the government's.   The Jencks Act provides no mechanism for the defendant to obtain a statement of its own witness in the possession of the government.   Moreover, codification of the Jencks Act in the Federal Rules of Criminal Procedure at Rule 26.2, provides for the disclosure of a witnesses statement to the opposing party after the witness has testified on direct examination.   Under Rule 26.2 the disclosure of the witness' statement is made to "the party who did not call the witness."  Fed.R.Crim.P. 26.2.   Under Rule 26.2 and the Jencks Act, the defendant must provide copies of Mr. Williams' statements to the government – the government does not have to provide a statement to the defendant.[2]

Williams is not the government's witness. His statement, in the possession of the government, is not discoverable under Rule 16.   The statement does not contain Brady material. Finally, the defendant will call Mr. Williams and therefore the government is not obligated to disclose the statement to the defendant prior to his direct testimony.   Moreover, the defendant has failed to explain any rationale for how the statement is material to his defense or otherwise is

---

2 The government will however voluntarily provide a copy of Mr. Williams' statement to the defense after his direct examination by the defendant and prior to his cross-examination by the government.

required to be disclosed under any Constitutional ground.   As a result, the defendant is not entitled to the government's statement from Mr. Williams.

The Grand Jury Transcript

Here the defendant seeks discovery of the testimony made before the grand jury in support of the indictment of Muadhdhin Bey. The defendant makes a bare, unsupported, allegation that the transcript is needed as material to his defense.[3]   The defendant is not entitled to this transcript and his request should be denied.

The government as an initial matter hereby informs the court that the witness who testified before the grand jury will not be called as a government witness at trial.   The witness has no personal knowledge of the arrest of Muadhdhin Bey on March 28, 2016, and as such will not testify[4] As explained above, pursuant to the Jencks Act and Rule 26.2, the government is obligated to provide statements of its witnesses after they have testified on direct examination.   The grand jury witness' testimony is not, therefore, disclosable pursuant to the Jencks Act or Rule 26.2.

Also as noted above, the remainder of the government's discovery obligations stem from Rule 16 and Brady.   Here, the testimony contains no evidence that is favorable or otherwise exculpatory and therefore is not Brady material.   Examining the enumerated sections of Rule 16, it is easily apparent that, similar to the analysis of Mr. Williams' statement above, that the grand

---

3 At the pretrial conference held on April 28, 2017, defense counsel claimed, without explaining, that the grand jury transcript is also needed as possible impeachment material of the police officers. Defense counsel provided no explanation of exactly how, under the Rules of Evidence, a grand jury transcript from an individual with no personal knowledge of the arrest of the defendant could be used to impeach or cross examine the arresting police officers who have not reviewed the grand jury transcript, have not adopted the grand jury transcript and, as stated above, were not witnesses before the grand jury at any point in time.
4 Should the circumstances of the trial change in an unforeseen way that justifies and requires the testimony of the grand jury witness the government will, at that time, provide the grand jury transcript as required.

6

jury witness' statement is not discoverable under Rule 16.

Moreover, the Rules of Criminal Procedure provide a specific mechanism for a defendant to gain access to grand jury transcripts.   However, the defendant makes no attempt to comply with that mechanism – likely because he is unable to meet that burden.

The proceedings, conduct, and disclosure of material before a federal grand jury are controlled by Rule 6 of the Federal Rules of Criminal Procedure.   That rule sets forth specific individuals and circumstances that allow for access to grand jury material.   See Fed.R.Crim.P. 6(e).   Rule 6 outlines that if a defendant seeks access to grand jury material, that isn't yet disclosed or required to be disclosed by another Rule of Criminal Procedure or law, then the defendant bears a burden to justify the disclosure.   Rule 6(e)(3)(E) states

> The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
>
> **(i) preliminarily to or in connection with a judicial proceeding**;
>
> **(ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury**;
>
> **(iii)** at the request of the government, when sought by a foreign court or prosecutor for use in an official criminal investigation;
>
> **(iv)** at the request of the government if it shows that the matter may disclose a violation of State, Indian tribal, or foreign criminal law, as long as the disclosure is to an appropriate state, state-subdivision, Indian tribal, or foreign government official for the purpose of enforcing that law; or
>
> **(v)** at the request of the government if it shows that the matter may disclose a violation of military criminal law under the Uniform Code of Military Justice, as long as the disclosure is to an appropriate military official for the purpose of enforcing that law.

Fed.R.Crim.P. 6(e)(3)(E)(emphasis added).

The limitation on disclosure of grand jury material is a result of the "'long established policy that maintains the secrecy of grand jury proceedings in the federal courts.'" United States v. Sells Engineering, Inc., 463 U.S. 418, 424 (1983) (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 681 (1958)); In re Grand Jury Investigation, 903 F.2d 180, 182 (3d Cir. 1990); United States v. Giampa, 904 F. Supp. 235, 287 (D.N.J. 1995); United States v. Eisenberg, 773 F. Supp. 662, 707 (D.N.J. 1991); see also In re Grand Jury Investigation, 55 F.3d 350, 353-54 (8th Cir.), cert. denied, 516 U.S. 917 (1995). The Supreme Court has stated that grand jury secrecy is "older than our Nation itself." Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399 (1959). "Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye…. The rule of grand jury secrecy was imported into our federal common law and is an integral part of our criminal justice system." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218 n. 9 (1979).

The protections for secrecy in the grand jury have been codified in the Rules of Criminal Procedure at Rule 6(e).   Rule 6(e) applies "not only to information drawn from transcripts of grand jury proceedings, but also to anything which may reveal what occurred before the grand jury**.**" In re Grand Jury Matter, 682 F.2d 61, 63 (3d Cir. 1982); see Fund for Constitutional Gov't v. National Archives & Records Serv., 656 F.2d 856, 869 (D.C.Cir. 1981) (scope of grand jury secrecy encompasses anything which would reveal "the identities of witnesses or jurors, the substance of the testimony, the strategy or direction of the investigation, the deliberations or question of the jurors, and the like")(quoting SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1382 (D.C.Cir.), cert. denied, 449 U.S. 993 (1980)).

A defendant that wants to obtain access to secret grand jury material "bears [a] heavy burden." United States v. Bunty, 617 F. Supp. 2d 359, 372 (E.D. Pa. 2008). The defendant must

8

establish that "particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." Id.; see also Fed. R. Crim. P. 6(e)(3)(E)(ii). Dismissal of an indictment on the basis of errors in Grand Jury proceedings is warranted only where such errors were prejudicial to the defendant. Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988).

The protection of grand jury secrecy, through the limited authorization to disclose grand jury material, is reinforced elsewhere in the Federal Rules of Criminal Procedure. As explained above the government's discovery obligations are primarily controlled by Rule 16. Rule 16 itself reinforces the secrecy of the grand jury and limits access to grand jury material. As stated in Rule 16(a)(3) ("Grand Jury transcripts"), "this rule does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1) and 26.2." Grand jury transcripts therefore are generally not discoverable, except as provided in Rule 6 (which enumerates certain people and circumstances authorizing disclosure), Rule 12(h)(which concerns producing a witness' statement at a suppression hearing), Rule 16(a)(1)(the discovery statute discussed above) and Rule 26.2 (the codification of the Jencks Act in the Rules of Criminal Procedure). Rule 16(a)(3), which specifically and severely limits the disclosure of grand jury transcripts, is designed to avoid conflicts between Rule 16 and other Rules of Criminal Procedure, in particular with those relating to grand jury secrecy. With specific exceptions, prosecutors are prohibited from disclosing matters occurring before the grand jury and a court is limited in its ability to order the release of grand jury material. See Fed. R. Crim. P. 6(e)(2)(B)(vi) and (e)(3)(E).

Here, the defendant seeks the disclosure of the grand jury transcript of an individual who is not testifying at trial. The transcript therefore is not Jencks material and does not need to be disclosed. The transcript, upon review by the government, does not contain Brady material and

does not need to be disclosed.   In addition, as explained above, the grand jury transcript does not

fall within an enumerated section of Rule 16 that requires disclosure as discovery material.

Moreover, the defendant has completely failed to provide any information – much less actually

make a showing – of a ground to dismiss the indictment for a matter occurring before the grand

jury as is required by the specific mechanism to justify disclosure of the transcript under Federal

Rule 6(e)(3)(E).   Unless and until he makes such a showing, there is no basis to order the release

of the grand jury transcript.

**III.**   **Conclusion**

Therefore, the government respectfully submits that the defendant's motion be denied.


Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney


s/ Jonathan B. Ortiz
JONATHAN B. ORTIZ
Assistant United States Attorney

10

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Response to the

Defendant's Motion to Compel has been served on this date by electronic filing and/or e-mail to:

> Kathleen M. Gaughan
> Federal Defender Association
> 601 Walnut Street, Suite 540 West
> Philadelphia, PA 19106
> Kathleen_gaughan@fd.org


<u>s/ Jonathan B. Ortiz</u>
JONATHAN B. ORTIZ
Assistant United States Attorney

Dated: April 30, 2017